**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>            Plaintiff,<br><br>v.<br><br>TOTAL LIGHTING SUPPLY LLC<br><br>            Defendant. | Case No. 14-cv-12161<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff Photographic Illustrators Corporation ("PIC") brings this civil action against Defendant Total Lighting Supply LLC ("Defendant").

## THE PARTIES

1.      PIC is a Massachusetts corporation with a place of business at 467 Sagamore Street, Hamilton, Massachusetts 01936.

2.      Upon information and belief, Defendant is a New Mexico limited liability company with its principal place of business at 515 Golf Course Rd #100, Rio Rancho, New Mexico 87124.

## JURISDICTION AND VENUE

3.      This is a civil action for injunctive relief and damages for violation of the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.*; the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq*, and the Lanham Act, 15 U.S.C. § 1125(a).

4.      This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This court has personal jurisdiction over the Defendant pursuant to Mass. Gen. L. ch. 223A § 3(d).

6.      Defendant operates a commercial website (www.totalrecessedlighting.com) ("Defendant's Website").  Upon information and belief, Defendant regularly advertises, sells, and offers for sale lighting products to online visitors to Defendant's Website, including online visitors located in Massachusetts, and Defendant has injured PIC in Massachusetts by reproducing and distributing PIC's copyrighted images on and/or through Defendant's Website.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

## PIC'S COPYRIGHTED IMAGES

8.      PIC specializes in photography, including photography of consumer products for catalogs, advertising, and product packaging.

9.      Over a span of years dating back to the 1960s, various companies, including Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

10.      PIC authored the 4 photographic images of Sylvania products referenced in this Complaint (the "PIC Images").  True and correct copies of the PIC Images are attached hereto as Exhibits 1-4.

11.      PIC retains ownership of all right, title and interest in the copyrights for the PIC Images.

12.      The PIC Images were made the subject of applications for copyright registration received by the United States Copyright Office on December 21, 2012 (Exhibits 1-2), June 20, 2013 (Exhibit 3), and March 14, 2014 (Exhibit 4).  These applications for registration were complete and submitted in proper form with the appropriate filing fees.

13.      Before publishing the PIC Images, PIC attaches the name of the photographer (Paul Kevin Picone), the name the copyright owner (P.I. Corp.) and copyright notice (collectively, "PIC Copyright Management Information"), as shown in Exhibits 1-4.

## PIC'S PROTECTABLE MARKS

14.     PIC's photography services and images enjoy an excellent reputation and have gained great value and recognition in the marketplace.

15.     For three decades PIC has done business under the PIC name and has used the name of PIC's President, Paul Kevin Picone, in connection with PIC's services.  Through PIC's longstanding practice of attaching to each published PIC Image the names "P.I.Corp." and "Paul Kevin Picone," consumers have come to associate these names with high-quality photography. PIC thus has common law trademark rights in the P.I.CORP. and PAUL KEVIN PICONE marks ("PIC Marks").

16.     PIC relies on the PIC Marks and Copyright Management Information that it attaches to each of its images as its primary mode of advertising. Potential customers seek out and contact PIC using this information.

## DEFENDANT'S UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES

17.     As depicted in each of the sub-exhibits to Exhibits 1-4 (e.g. Exhibit 1-A), each of the images displayed on Defendant's Website ("Accused Images"), is a copy, in whole or in part, of one of the PIC Images.

18.     On information and belief, Defendant created many of the Accused Images through the use of image editing software on the PIC Images, i.e., by "photoshopping" the PIC Images.  Vestiges of unique elements in the PIC Images are visible in multiple Accused Images, despite Defendant's unsuccessful attempts to remove them.

19.     Defendant also removed PIC Copyright Management Information from all the PIC Images.  In some instances, Defendant added to the Accused Images, its own (albeit insufficient) copyright management information and/or watermark, "*Total*".

20.     Defendant has copied, distributed and/or used—and continue to copy, distribute,

and/or use—the PIC Images, at least on and/or through Defendant's Website, to advertise and sell products.

21.    PIC never authorized Defendant's use of the PIC Images.

22.    Upon information and belief, Sylvania never authorized Defendant's use of the PIC Images.

23.    Upon information and belief, Sylvania never authorized Defendant to use PIC Images with a superimposed false copyright notice.

24.    Upon information and belief, Defendant's infringement of the copyright in each PIC Image began after PIC's first publication of that PIC Image.

## COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

25.    PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

26.    Defendant has infringed PIC's copyrights in its PIC Images, in violation of 17 U.S.C. § 501, by copying, publishing, distributing, and/or using PIC Images, or portions or derivative works thereof, and continue to do so without license or other authorization.

27.    On information and belief, Defendant's infringement of PIC's copyrights in at least one of the PIC Images commenced after the effective date of its registration.

28.    Defendant's infringement has been knowing and willful.

29.    As a direct and proximate result of Defendant's willful copyright infringement, PIC has suffered, and will continue to suffer, monetary loss to its business, reputation, and goodwill.  PIC is entitled to recover from Defendant, in amounts to be determined at trial, the damages it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts of infringement and Defendant's use and public of PIC

Images.

30.     Unless stopped by an injunction, Defendant will continue infringing PIC's copyrights in its PIC Images and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

<strong>COUNT II</strong><br><strong>(Integrity of Copyright Management Information, 17 U.S.C. § 1202)</strong>

31.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

32.     Defendant has knowingly and with intent to induce, enable, facilitate, or conceal infringement of the PIC Images, provided and/or distributed false copyright management information in relation to its use of the PIC Images, in violation of 17 U.S.C. § 1202(a).

33.     Defendant has intentionally removed or altered PIC's Copyright Management Information for the PIC Images without PIC's authorization, and/or distributed copyright management information with knowledge that the Copyright Management Information was removed or altered without PIC's authorization, in violation of 17 U.S.C. § 1202(b).

34.     Defendant's violation of 17 U.S.C. § 1202 has been knowing and willful.

35.     Defendant's violation of 17 U.S.C. § 1202 has damaged PIC in an amount to be proven at trial.

36.     Unless stopped by an injunction, Defendant's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

<strong>COUNT III</strong><br><strong>(False Designation of Origin, 15 U.S.C. § 1125(a))</strong>

37.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

- 5 -

38.     PIC is not affiliated with Defendant and has not approved any of Defendant's alterations to the PIC Images.

39.     By removing the PIC Marks and Copyright Management Information from the PIC Images, Defendant has removed PIC's primary advertisement vector, thereby depriving PIC of business opportunities.

40.     By replacing the PIC Marks and Copyright Management Information on the PIC Images with "*Total*", Defendant has created a likelihood that consumers will mistakenly believe that Defendant created the PIC Images.  Defendant's doctoring of the PIC Images misleadingly represents to the world that Defendant – and not PIC – is the author, source and copyright owner of the PIC Images displayed on Defendant's Website.

41.     Customers who are familiar with PIC's many decades of work for Sylvania are likely to mistakenly believe that Defendant and PIC are in some way affiliated, connected, or associated as a result of Defendant's misuse of PIC Marks, Copyright Management Information and Images.  Defendant's misconduct is also likely to deceive such consumers by causing them to believe that PIC sponsors or approves of Defendant's goods, services, or commercial activities.

42.     Defendant's unauthorized alteration and use of the PIC Images, PIC Marks and Copyright Management Information occurs in commercial advertising or promotion, and misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods, services, or commercial activities.

43.     Defendant's misuse of PIC Marks, Copyright Management Information and Images, and Defendant's acts or omissions as described above constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Defendant's violations of the Lanham Act were knowing and willful.

45.     Defendant's violations of the Lanham Act have damaged PIC in an amount to be determined at trial.

46.     Unless stopped by an injunction, Defendant's violations of the Lanham Act will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, PIC requests that this Court:

A.     Enter judgment that Defendant has infringed and continues to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501.

B.     Permanently enjoin Defendant, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502.

C.     Order the recall, impounding, and destruction of all infringing copies made, used or distributed by Defendant in violation of PIC's exclusive rights in and to its PIC Images (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503.

D.     Direct Defendant to pay to PIC its actual damages and any additional profits realized by Defendant, pursuant to 17 U.S.C. § 504.

E.     Order that, in the alternative to actual copyright damages, at PIC's election, Defendant shall pay PIC statutory damages pursuant to 17 U.S.C. § 504.

F.     Enter judgment that Defendant has violated and continues to violate the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202.

G.     Permanently enjoin Defendant, including its partners, officers, agents, servants,

employees, attorneys, and all those persons and entities in active concert or participation with

them, from further violations of the Digital Millennium Copyright Act in relation to the PIC

Images, pursuant to 17 U.S.C. § 1203(b)(1).

H.     Order the impounding of all devices or products in the custody or control of

Defendant that were involved in the violations of the Digital Millennium Copyright Act in

relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2).

I.     Direct Defendant to pay to PIC its actual damages and any additional profits

realized by Defendant, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2).

J.     Order that, in the alternative to actual damages, at PIC's election, Defendant shall

pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and

1203(c)(3)(B).

K.     Enter judgment that Defendant's copyright infringements, have been knowing and

willful.

L.     Enter judgment that Defendant's 17 U.S.C. § 1203(a) violations of the Digital

Millennium Copyright Act have been knowing and with intent to induce, enable, facilitate, or

conceal infringement.

M.     Enter judgment that Defendant's 17 U.S.C. § 1203(b) violations of the Digital

Millennium Copyright Act have been knowing and intentional.

N.     Enter a Judgment that PIC has common law trademark rights in the PIC marks,

and that Defendant has violated and continued to violate 15 U.S.C. § 1125(a) by its alteration

and use of the PIC Images.

O.     Permanently enjoin Defendant, including its partners, officers, agents, servants,

employees, attorneys, and all those persons and entities in active concert or participation with

them, from further violations of the Lanham Act in relation to the PIC Images, pursuant to 15 U.S.C. § 1116.

P.       Direct Defendant to pay to PIC any damages attributable to Defendant's Lanham Act violations and to account for all gains, profits, and advantages derived through those actions, but not less than a reasonable royalty, and pay such damages authorized by law, including 15 U.S.C. § 1117.

Q.       Order Defendant to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction.

R.       Award PIC its attorney fees and costs in prosecuting this action, pursuant to 17 U.S.C. §§ 505, 1203(b)(5) or other applicable law.

S.       Award PIC such further relief as this Court may deem just and proper.

## **JURY DEMAND**

PIC requests a Jury Trial on all issues so triable.

Dated: May 16, 2014

Respectfully submitted,

By:  /s/ Craig R. Smith
 Craig R. Smith (BBO No. 636,723)
 William J. Seymour (BBO No. 687,181)
 Eric P. Carnevale (BBO No. 677,210)
 **LANDO & ANASTASI, LLP**
 Riverfront Office Park
 One Main Street – 11th Floor
 Cambridge, MA 02142
 Tel: (617) 395-7000
 Fax: (617) 395-7070
 Email: csmith@lalaw.com
   wseymour@lalaw.com
   ecarnevale@lalaw.com

 John V. Picone III (CA Bar No. 187226)
 Jennifer S. Coleman (CA Bar No. 213210)
 Aleksandr Korzh (CA Bar No. 286613)
 **HOPKINS & CARLEY**
 **A LAW CORPORATION**
 The Letitia Building
 70 S First Street
 San Jose, CA  95113-2406
 **mailing address:**
 P.O. Box 1469
 San Jose, CA 95109-1469
 Tel: (408) 286-9800
 Fax: (408) 998-4790
 Email: jpicone@hopkinscarley.com
   jcoleman@hopkinscarley.com
   akorzh@hopkinscarley.com

 *Attorneys for Plaintiff Photographic Illustrators*
 *Corporation*